UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID KING,**      Plaintiff,  v.  **MICHAEL GALANO,** *et al.*,      Defendants. | Civ. No. 2:14-cv-01691 (WJM)  **MEMORANDUM OPINION & ORDER** |

      This matter comes before the Court on *pro se* Plaintiff David King's application for the appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1).  For the reasons stated below, the Court will deny the application at this time.

      This is an excessive force case brought under 42 U.S.C. § 1983.  Plaintiff is confined at the Hudson County Correctional Center.  Plaintiff alleges that on May 19, 2013, neighbors called the police to complain about Plaintiff causing a disturbance and possibly possessing a weapon.  Defendants Officers Michael Galano and Trident Villanueva responded to the call and asked Plaintiff to drop the handgun he was holding.  Plaintiff was disoriented and he froze.  Plaintiff was then shot 15 times.  Plaintiff brought this incident to the attention of the Hudson County prosecutor, but the prosecutor failed to act.

      On March 17, 2014, Plaintiff filed a Complaint alleging excessive force.  On April 21, 2014, Plaintiff was granted *in forma pauperis* status.  The undersigned found that the Complaint was not subject to *sua sponte* dismissal against Officers Galano and Villaneuva or the City of Jersey City.

      Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  This provision covers both plaintiffs and defendants.  *See Waller v. Butkovich*, 584 F. Supp. 909, 947-48 (D.N.C. 1984).  District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).  In *Tabron*, the Third Circuit instructed that, in exercising its discretion to appoint counsel, district courts must first assess whether a given case or defense has merit, and then weigh specific factors, including (1) the litigant's ability to

1

present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  *Tabron*, 6 F.3d. at 155-57.  The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful.  *Montgomery*, 294 F.3d at 499.

The Court finds that Plaintiff's application for *pro bono* counsel is premature. <u>First</u>, Plaintiff has demonstrated an ability to present his case.  Plaintiff has filed a Complaint that has withstood *sua sponte* dismissal.  <u>Second</u>, the legal issues in this case, while serious, are not complicated.  <u>Third</u>, no expert witnesses are called for at this time.  Therefore, mindful of the practical restraints on the Court's ability to appoint counsel, this Court finds that it is inappropriate at this time to exercise its discretion to appoint *pro bono* counsel.

For the foregoing reasons and for good cause shown;

**IT IS** on this 9th day of June 2014, hereby,

**ORDERED** that Plaintiff's application for *pro bono* counsel is **DENIED WITHOUT PREJUDICE**.

        /s/ William J. Martini
        **WILLIAM J. MARTINI, U.S.D.J.**